UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| United States of America, | File No. 19-cr-98-1 (ECT/LIB) |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| Brandon Joseph Busick, | |
| Defendant. | |

---

Katharine T. Buzicky, United States Attorney's Office, St. Paul, MN, for Plaintiff United States of America.

Brandon Joseph Busick, *pro se*.

---

Representing himself, Defendant Brandon Joseph Busick has filed a motion for compassionate release pursuant to 18 U.S.C § 3582(c)(1)(A). ECF No. 84. Mr. Busick pleaded guilty to possession of child pornography in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2). ECF No. 47 at 1. He is serving a 135-month imprisonment term. ECF No. 79 at 2. Mr. Busick is in the custody of the Bureau of Prisons (or "BOP") at the United States Penitentiary in Terre Haute, Indiana ("USP Terre Haute"), and his projected release date is June 6, 2028. *See Find an Inmate*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc (last visited Dec. 27, 2024).

Mr. Busick requests a reduction of his sentence and his release because of a health condition and because of his family circumstances. Mr. Busick's motion will be denied because he has not shown that he exhausted available administrative remedies. If he made

this showing, Mr. Busick has not demonstrated extraordinary and compelling circumstances that would merit a sentence reduction and his early release.

Under 18 U.S.C. § 3582(c)(1)(A), a court may not consider a defendant's motion until "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." This "mandatory claim-processing rule . . . must be enforced so long as the opposing party properly raises it." *United States v. Houck*, 2 F.4th 1082, 1084 (8th Cir. 2021). If the defendant fails to exhaust his administrative remedies prior to filing the motion and the Government properly raises the exhaustion issue, a court is required to dismiss the motion without prejudice. *Id*.

The Government properly raised the exhaustion issue. *See* ECF No. 87 at 6–7. The Government represented it searched for but was not able to locate any documentation showing that Mr. Busick might have exhausted his administrative remedies. *Id.* at 7. Against the Government's representations, Mr. Busick has failed to show that he exhausted administrative remedies. Mr. Busick alleges he "filed already with the Warden and was denied," and "the Warden denied [his] compassionate release," but Mr. Busick furnished no documents or comparable evidence that might support these assertions. *See* ECF No. 84 at 1. Nor does Mr. Busick describe the process he followed by referencing basic information, including the timing of any administrative proceedings. *See id.* On this record, the better answer is not to credit Mr. Busick's conclusory assertions. For this

reason, the motion will be denied without prejudice for failure to exhaust administrative remedies.

Had Mr. Busick exhausted administrative remedies, his request for compassionate release would be denied because he fails to demonstrate extraordinary and compelling reasons that warrant his release. A district court generally "may not modify a term of imprisonment once it has been imposed" except in limited circumstances. 18 U.S.C. § 3582(c). The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A) is one exception. On the defendant's motion, § 3582(c)(1)(A) allows a court to "reduce the term of imprisonment . . . after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." The court must also find that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(1)(A)(i). The defendant bears the burden to demonstrate that he is entitled to a sentence reduction. *United States v. Ocanas*, 516 F. Supp. 3d 936, 938 (D. Minn. 2021).

The Commission has identified extraordinary and compelling reasons in the Sentencing Guidelines. U.S.S.G. § 1B1.13(b). Relevant here, such reasons exist if the defendant suffers from a medical condition "that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." *Id.* § 1B1.13(b)(1)(C). Here, Mr. Busick claims the BOP has not adequately treated a physical condition that resulted from being shot with a BB pellet from a "hig[h] powered air rifle . . . at point blank range" when he was sixteen years old. ECF No. 84 at 1. Mr. Busick alleges that at age nineteen, an MRI performed in

3

connection with shoulder surgery caused the retained BB pellet to "move in [his] chest." *Id*. The pellet now causes Mr. Busick "pain and extreme discomfort," he has trouble sleeping, and he fears another MRI could pull the BB pellet "through [his] lungs or heart or other organs or even [his] spine," putting him at risk of death. *Id*. Mr. Busick claims BOP doctors have told him that removing the BB pellet would be an "elective surgery" and could cause additional damage. *Id*.

Mr. Busick's medical records do not support his claims. *See* ECF No. 87 at 8. The records demonstrate that Mr. Busick is seen regularly by BOP health services personnel for several conditions, including the retained BB pellet, *see e.g.*, ECF No. 88 at 55–57, and the pellet remains stable, *id*. at 101, 109, 112, 114, 116. At times, Mr. Busick has refused treatment for this condition. *Id*. at 55 (listing Mr. Busick as a "No Show" for a mid-level provider clinical appointment); 56 (stating Mr. Busick "proceeded to leave instead of being evaluated" for his pain). There is no evidence that "specialized medical care" is being withheld from Mr. Busick, putting him "at risk of serious deterioration in health or death." *See* U.S.S.G. § 1B1.13(b)(1)(C). Mr. Busick's argument that the pellet would have been removed if he was not in prison, *see* ECF No. 84 at 1, is speculative and contradicted by the fact that this is not a new injury—indeed, he had several years to seek medical care for the retained pellet before he was convicted in this case and sentenced to federal prison. And as the Government notes, Mr. Busick did not list having been shot or the retained pellet as a medical condition in his PSR. *See* ECF No. 87 at 3 n.1; PSR [ECF No. 62] ¶¶ 65–67. Mr. Busick has not met his burden to establish extraordinary or compelling

4

circumstances to support a sentence reduction or compassionate release based on his medical condition.

The Commission's policy statement also addresses the "extraordinary and compelling reasons" that might justify a reduction for family circumstances, including caring for an incapacitated "family member or an individual whose relationship with the defendant is similar in kind to that of an immediate family member, when the defendant would be the only available caregiver for such family member or individual," including a "grandparent" of the defendant. U.S.S.G. § 1B1.13(b)(3)(D). Mr. Busick claims his grandmother suffers from C.O.P.D. and "a few other medical conditions" that make "day to day tasks and things around the house" difficult for her, and she "doesn't have anyone else to help her." ECF No. 84 at 2. Further, Mr. Busick argues that other unnamed family members "are going through cancer and chemo" and "struggling to help each other." *Id*.

These family circumstances do not provide extraordinary and compelling reasons to warrant Mr. Busick's release. Mr. Busick provides no medical evidence of his grandmother's or other family members' medical conditions, he has not explained the type of care that is required, and he has not furnished any proof that he is the "only available caregiver" for his grandmother or other unnamed relatives. *See* U.S.S.G. § 1B1.13(b)(3)(D). Accordingly, Mr. Busick has not met his burden to show that "extraordinary and compelling reasons" warrant a sentence reduction for his family circumstances. *Id*.

The applicable factors in § 3553(a) also would weigh against granting Mr. Busick's motion. Section 3553(a) directs courts to consider, among other factors,

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct; [and]
>>
>> (C) to protect the public from further crimes of the defendant . . . .

18 U.S.C. § 3553(a).[1]  Mr. Busick's offense conduct was extremely serious; he possessed a video and twenty-seven images of child pornography that included prepubescent children and depictions of sadistic and masochistic abuse.  *See* PSR ¶ 7; *see also* Statement of Reasons [ECF No. 76] at 4.  At the time his possession was discovered, Mr. Busick was on probation for a third-degree criminal sexual conduct conviction in Minnesota state court.  PSR ¶ 6; Statement of Reasons at 4.  And about one month after he was found in possession of the child pornography, he was arrested and charged for sexually abusing an eleven-year-old girl.  PSR ¶ 53; Statement of Reasons at 4.  These considerations further warrant the denial of Mr. Busick's motion.

---

[1]  The factors in § 3553(a)(1) and § 3553(a)(2)(C) present effectively the same considerations as the Sentencing Commission's requirement that a court determine that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)."  U.S.S.G. § 1B1.13(a)(2).

## ORDER

Therefore, based on the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED THAT** Defendant Brandon Joseph Busick's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) [ECF No. 84] is **DENIED** without prejudice.

Dated:  December 27, 2024                                s/ Eric C. Tostrud
                                                                              Eric C. Tostrud
                                                                              United States District Court